IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OUATI K. ALI,

OPINION AND ORDER

Petitioner,

13-cv-132-bbc

v.

MICHAEL BAENEN,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Ouati K. Ali, a prisoner incarcerated at the Green Bay Correctional Institution, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He has paid the five dollar filing fee, so his petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner contends that his 2006 conviction of first-degree sexual assault of a child is illegal in many respects:  (1) the trial court allowed the state to introduce evidence of a prior charge of sexual assault of which petitioner had been acquitted in 1991; (2) the trial court denied petitioner a continuance although counsel had been appointed only 21 days before the trial, had not been given DNA evidence for testing and had been unable to investigate a second suspect; (3) trial counsel was ineffective in a number of ways, including his failure to ask the judge to recuse himself because of his wife's involvement in the case; (4) appellate counsel was ineffective in not making an adequate record at the postconviction

1

motion before filing a direct appeal and in other ways; and (5) the evidence was insufficient to support petitioner's conviction.

From petitioner's filings, from the state court of appeals' unpublished opinion, <u>State v. Ali</u>, 345 Wis. 2d 397, 824 N.W.2d 928 (Ct. App. 2012), and from the court records available electronically, I find the following facts.

## RECORD FACTS

Petitioner Ouati K. Ali was convicted in the Circuit Court for Dane County on April 27, 2006 of first-degree sexual assault of a child under the age of 13. He was sentenced on November 30, 2007 to a term of 15 years. (A year later he was found guilty of second-degree sexual assault of a child and sentenced to 14 years in prison, which may be why petitioner says in his petition that his sentence was 30 years.) He appealed to the court of appeals, which affirmed the judgment on April 13, 2010, holding that petitioner had not been denied due process by the delay of approximately 13 years between the last alleged sexual assault and the filing of the complaint in his case and finding that the evidence was sufficient to support his conviction. Dkt. #1-1 (filed in 10-cv-706-bbc). His petition for review by the state supreme court was denied on August 18, 2010.

On August 12, 2010, petitioner filed a motion for post conviction relief under Wis. Stat. § 974.07 in the Dane County court seeking new DNA testing at his own expense. The circuit court denied the motion in an oral ruling, finding that petitioner had failed to meet the statutory requirement of Wis. Stat. § 974.07(2)(c) that he show that new testing would

2

provide a reasonable likelihood of more accurate and probative results.  It found also that petitioner had not shown that "it was reasonably probable that he would not have been prosecuted or convicted had the new DNA evidence been previously available."  <u>Ali</u>, 345 Wis. 2d at ¶ 4.

In August 2011, petitioner filed a post conviction motion under Wis. Stat. § 974.06 in the Dane County court, contending that his trial and appellate counsel had been constitutionally ineffective.  In support of this contention, he alleged that his trial counsel had not moved for the trial judge's recusal despite the fact that the prosecution's case rested in large part on the taped interview of the alleged victim prepared by the judge's wife, an assistant district attorney.  He alleged that appellate counsel had failed to raise other instances of judicial misconduct and had not challenged the sufficiency of the evidence in a post conviction motion or on appeal.  He also contended that the trial court had failed to give adequate consideration to his motion for post conviction DNA testing.

The circuit court denied the post conviction motion, finding that the two claims of ineffectiveness of counsel were barred procedurally under <u>State v. Escalona-Naranjo</u>, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), because petitioner could have raised them on direct appeal and had failed to do so.  It denied the DNA challenge as it had when it first heard the issue and for the same reason.

Petitioner appealed the denial of his post conviction motion to the Wisconsin Court of Appeals, which denied the appeal on November 1, 2012.  <u>Ali</u>, 345 Wis. 2d 397. In deciding whether petitioner was entitled to a new test of the DNA evidence, the court of

appeals found that it was not improper for the state public defender to deny petitioner the assistance of counsel in bringing his DNA motion, once the defender had determined that the motion was not one that should be pursued, ¶ 12; petitioner had had an adequate opportunity to participate by telephone in the hearing held on his motion for additional DNA testing, id. at ¶ 19; and although the trial court did not apply the correct legal standard when deciding the motion, its holding was not subject to attack.  ¶ 23.

The trial court had held that petitioner had to make two showings: (1) the new testing would provide a reasonable likelihood of more accurate and probative results and (2) there was a reasonable probability that he would not have been convicted had the new DNA evidence been available.  The court of appeals observed that the trial court erred in requiring the second showing because it does not apply when the person seeking the new test is doing so at its own expense, id. at ¶ 19, but the court found the trial court's error irrelevant. Petitioner had failed to make the first showing, which was the critical one.  Id. at ¶ 23.

In deciding the claims of ineffectiveness of counsel that petitioner had raised, the court of appeals held that it could hear those claims despite the trial court's finding that they were procedurally barred.  The court assumed that, as petitioner had alleged, his appellate counsel had been ineffective, and that the ineffectiveness was the reason petitioner had not raised the issues in his previous appeal.  Id. at ¶ 24.  Although the court of appeals reviewed the claims, it found that petitioner could not sustain the claim that his trial counsel had been ineffective in not asking the presiding judge to recuse himself or the claim that his appellate counsel had been ineffective in not raising the issue of recusal on appeal or challenging the

sufficiency of the evidence against petitioner.  Id. at ¶¶ 33-36.

Petitioner filed a petition for review in the Wisconsin Supreme Court.  The petition was denied on February 11, 2013.


OPINION

It appears that the petition in this case is timely because petitioner's state court filings tolled the running of the time that petitioner had to file his § 2255 motion, although I cannot make this decision from the present record.  I will reserve a decision on that point. The next question is whether petitioner can pursue the grounds he has set out in his petition. Under the statute governing petitions for writs of habeas corpus, 28 U.S.C. § 2254(b)(1)(A), a petitioner cannot pursue in federal court any ground on which he has not exhausted the remedies available to him in the state courts.   It appears from documents ##1 and 3 and from the state court of appeals' opinion, Ali, 345 Wis. 2d 397, that petitioner has never raised in state court some of the grounds he has set out in his two-part petition, which means that he has not given the state courts an opportunity to rule on them and they cannot be entertained in this petition because they are either unexhausted or procedurally defaulted.

When a petitioner has already pursued his state court remedies but has failed to exhaust those remedies by presenting them properly to the state courts along the way, he is barred from proceeding with a federal habeas petition.  At this point, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default." Perruquet v. Briley, 390 F.3d 505, 525 (7th Cir.

12004).  Under the procedural default doctrine, a federal court is precluded from reaching the merits of a state habeas claim if the petitioner either 1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred; or 2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the federal question and adequate to support the judgment.  Perruquet, 390 F.3d at 514 ; Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001).

If a petitioner has procedurally defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates (1) cause for the default and actual prejudice from failing to raise the claim as required or (2) that enforcing the default would lead to a "fundamental miscarriage of justice."  Steward v. Gilmore, 80 F .3d 1205, 1211-12 (7th Cir. 1996) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

1. Abuse of discretion by trial court to allow state to introduce evidence of other acts of sexual assault

The first ground that petitioner raises in his petition is that the trial judge abused his discretion in allowing the introduction of other acts of sexual assault by petitioner.  (It is not clear from his petition that he is referred to only his 1991 conviction for sexual assault or if he means to include other acts of sexual assault that were never charged.)  It appears that petitioner raised this claim in his first direct appeal, although I cannot tell whether he raised both issues in the court of appeals or whether he included them in his petition for review

6

filed in the supreme court.  Unless he can show that he gave the state courts a full opportunity to rule on this issue, he will have to choose between deleting this ground from his petition or returning to state court to raise it there.

2. <u>Abuse of discretion by trial court in denying petitioner a continuance</u>

In its November 1, 2012 decision denying petitioner's post conviction motion, the court of appeals did not discuss the trial court's refusal to grant petitioner's counsel a continuance to prepare for trial.  However, petitioner says that he raised the issue in his direct appeal, which was denied by the court of appeals on April 13, 2010.  If he is correct, he may pursue the issue in this court.  Otherwise, he must choose between dropping the issue from this proceeding or returning to the state courts to raise the issue there.

3. <u>Ineffective assistance of trial counsel</u>

In this category, petitioner lists a number of ways in which he thinks his trial counsel was constitutionally ineffective:  he was unable to suppress evidence that was obtained by way of an illegal recording of petitioner's cellphone voice mail; he did not obtain an expert to test the DNA evidence; he did not contest the state's motion in limine preventing him from introducing evidence of an alibi; he did not move for the trial judge's recusal on the ground that the judge's wife was involved in the case; he did not investigate "other acts witnesses"; and he did not raise the issue of the insufficiency of the evidence.  (In this last category, petitioner lists the discrepancies between the victim's videotaped testimony and

her testimony at trial; the discrepancies between her testimony and the police reports and testimony of the detectives; her inability to explain what house she had visited when she skipped school; and her disagreement with petitioner on the day before she accused him of raping her.)

It is not clear whether petitioner's reference to an "illegal recording" is to the tape recording of the victim or the recording of his own cellphone voice mail.  If it is the recording of the victim, it appears that this issue was included in petitioner's state court challenge to the use of the recording of the victim based on his belief that the judge's wife was present and responsible for the taping.  If petitioner is referring to the voice mail, he may not proceed on this claim because nothing in his petition or the record indicates that he raised this issue in state court.

Ineffective assistance of counsel is considered a single ground for relief even if the petitioner has alleged a number of difference ways in which the representation fell short. Unless, however, the petitioner raises each particular factual basis for a claim of ineffectiveness, the particular factual basis will be considered to have been defaulted.  Pole v. Randolph, 570 F.3d 922, 935 (7th Cir. 2009) (citing Stevens v. McBride, 489 F.3d 883, 894 (7th Cir. 2007)).

To the extent that petitioner is arguing that he did not raise the other claims because his counsel refused to present them, he should know that ineffective assistance of counsel can establish "cause" for a procedural default.  However, the Supreme Court held in Edwards v. Carpenter, 529 U.S. 446 (2000), that because the assertion of ineffective assistance as a

8

cause to excuse a procedural default in a § 2254 petition is itself a constitutional claim, the petitioner must have raised this claim first to the state court or he has procedurally defaulted it.  Id. at 452-53.

At this time, I will allow petitioner to go forward on his claims that his counsel was ineffective in not moving to suppress the tape recording of the victim and in failing to move for the trial judge's recusal, because it appears that petitioner has exhausted his state court remedies on those claims.  As to the other claims, including the voice mail, I will give petitioner an opportunity to show that he did raise them in the state court.  If he cannot do this, he will have to dismiss them from his petition or try to exhaust them.

4. Ineffective assistance of appellate counsel

Petitioner alleges that his appellate counsel was ineffective because he did not conduct a pretrial investigation (presumably petitioner means a prehearing investigation before the trial court hearing on his post conviction motion); he did not investigate the DNA evidence; he did not present alibi witnesses; he failed to make an adequate record at the post conviction hearing before he filed a direct appeal; he did not raise the issue of ineffective counsel (presumably of trial counsel) or file a motion for a Machner hearing. (The Machner reference is to the requirement in Wisconsin that trial courts must hold an evidentiary hearing on a defendant's motion to withdraw his plea of guilty after judgment and sentence if the defendant has alleged facts that, if true, would entitle him to relief.  State v. Bentley, 201 Wis. 2d 303, 309, 548 N.W.2d 50, 53 (1996).)  I cannot tell from the present record

9

whether petitioner raised any of these issues in his state court proceedings.  If he did, he will have to show the court how and where he did so.  If he did not, he must choose either to delete them from his petition or return to state court to exhaust them, as explained above.

Petitioner did raise on appeal his claims that his appellate counsel failed to challenge the sufficiency of the evidence and his trial counsel's failure to move for the recusal of the trial judge.  He may proceed on these claims.

5. Trial court's application of wrong legal standard for post conviction DNA testing

Petitioner contends that the trial court applied the wrong legal standard to petitioner's post conviction motion for DNA testing and that his right to counsel was denied wrongfully by the state public defender.  On the first contention, the state court of appeals agreed with petitioner that the trial court had applied an erroneous legal standard to his claim that he should have been allowed to have an independent test of the DNA evidence. Because he was paying for the new test himself, he did not have to show that there was a reasonable probability that he would not have been convicted had the new DNA evidence been available.  However, the court of appeals said that the trial court had ruled correctly when it applied the second test, which was whether petitioner could show that new testing would provide a reasonable likelihood of more accurate and probative results, and when it found that petitioner had not made this showing.

Although petitioner says he wants to challenge the trial court's mistake in applying the wrong standard, the only issue he can raise in a state habeas petition is whether the court of appeals applied the right standard when it ruled on the trial court's decision.  Petitioner

does not contend that the court of appeals was wrong in finding that the trial court should not have applied the second test to petitioner's claim, so I assume he is challenging the decision it reached on the first test.  He can proceed on this first allegation because he challenged both aspects of the ruling before the state courts.

As the second contention, however, petitioner cannot proceed.  Although he raised the issue of the denial of counsel for his DNA testing claim, he has no right under the Constitution or federal law to have counsel appointed for him on a post conviction motion. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further.")  There would be no point in proceeding on this claim, which would have to be denied.


6. The trial court denied petitioner a right to an evidentiary hearing

Petitioner complains of being denied an evidentiary hearing.  I assume he is referring to the trial court's denial of his request for a Machner hearing as part of his post conviction motion and that he is really complaining about not having had a chance to develop his claims of ineffectiveness of trial counsel.  I am allowing him to go forward on his claim of ineffectiveness to the extent that he exhausted it in state court, but there is no point in his going forward on the claim that he was denied an evidentiary hearing.  He has not shown that the denial prevented him from appealing his substantive claims.  The court of appeals reviewed his claims of ineffectiveness, after deciding that he might not have had a fair chance to take a direct appeal of those claims if he was correct that his appellate counsel was

11

constitutionally ineffective.

7. <u>Petitioner's right to proceed on his claims</u>

<u>Rose v. Lundy</u>, 455 U.S. 509 (1982), instructs federal district courts to dismiss a petition like petitioner's that presents a mix of exhausted and unexhausted claims. <u>Id</u>. at 510. Alternatively, the petitioner may choose to amend his petition by deleting the unexhausted claims and then proceed solely on the exhausted claim. <u>Id</u>., at 520. Under <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005), courts may stay unexhausted claims in situations in which outright dismissal of a mixed petition could jeopardize the petitioner's ability to later file a timely habeas petition, such as when the petitioner files his application "close to the end of the 1-year" statute of limitations. <u>Id</u>. at 275.

In general, courts have found that a petitioner's right to federal review is not at risk when he has at least 60 days remaining on his federal clock within which to initiate the state court exhaustion process and return to federal court after completing it. <u>Crews v. Horn</u>, 360 F.3d 146, 154 (3d Cir. 2004) (petitioner ought to be able to file application for state post conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is completed); <u>Palmer v. Carlton</u>, 276 F.3d 777, 781 (6th Cir. 2002)(same); <u>Zarvela v. Artuz</u>, 254 F.3d 374, 381 (2d Cir. 2001) (same).

In this case, petitioner's one-year limitations period would have begun to run 90 days after August 18, 2010, the day the Wisconsin Supreme Court denied his petition for review. <u>Anderson v. Litscher</u>, 281 F.3d 672, 674-675 (7th Cir. 2002) (one-year statute of limitations

does not begin to run under § 2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court). That one-year period would have been tolled by his properly filed postconviction motions and the consequent appeals, which means that he may have time left in which to try to exhaust his unexhausted claims if he chooses to do so.

I will give petitioner the opportunity to decide whether he prefers to abandon his unexhausted claims and proceed solely on the claims has been exhausted.  In deciding which course of action to pursue, petitioner should consider the following:  if he decides to give up his unexhausted claims and present only the ones he has already exhausted, it is unlikely that this court would allow him to raise the unexhausted claims in a subsequent federal habeas petition.  Lundy, 455 U.S. at 521 ("[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions.") (citing 28 U.S.C. § 2254 Rule 9(b), authorizing dismissal for abuse of the writ).

ORDER

IT IS ORDERED that petitioner Ouati K. Ali may have until May 17, 2013, in which to advise the court whether he can show that he exhausted his state court remedies with respect to the following claims:

1. The trial court allowed the state to introduce evidence of a prior charge of sexual assault of which petitioner had been acquitted in 1991 and other acts of sexual assault that

were never charged against him;

2. The trial court denied him a continuance of the trial date although his counsel had only 21 days in which to prepare for trial.

3. His trial counsel was constitutionally ineffective because

    a.  He was unable to suppress evidence obtained from petitioner's cellphone;

    b. He did not contest the state's motion in limine preventing him from introducing evidence of an alibi;

    c. He did not investigate "other acts witnesses"; and

    d. He did not challenge the sufficiency of the evidence.

4. His appellate counsel was constitutionally ineffective because

    a. He did not conduct a pretrial investigation;

    b. He did not investigate the DNA evidence; and

    c. He did not challenge the effectiveness of trial counsel.

If petitioner cannot show that he has exhausted his state court remedies with respect to one or more of these claims, he will have to advise the court either that he is deleting the claim or claims from his petition or that he will make an effort to exhaust the claims in state court.   If he decides to delete his unexhausted claims, his petition will consist of the following claims, which appear to have been exhausted:

1. His trial counsel was ineffective in not moving for the trial judge's recusal on the ground that the judge's wife was involved in the preparation of the victim's videotaped

14

testimony.

2.  His appellate counsel was ineffective in not challenging the sufficiency of the evidence or his trial counsel's failure to seek the recusal of the judge.

3. He was wrongfully denied an opportunity to conduct independent DNA testing.

If petitioner chooses not to delete his unexhausted claims but to make an effort to exhaust them in state court, then it will be necessary to decide whether his entire petition should be dismissed without prejudice or whether petitioner qualifies for "stay and abeyance" of his petition.  It will be up to petitioner to show that he qualifies.

If petitioner does not respond to this order by May 17, 2013, the court will assume that he wants to proceed only with the claims that appear to have been exhausted.  At that point, the court will order a response from respondent.

Entered this 30th day of April, 2013.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge