IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OUATI K. ALI,

                Petitioner,

    v.

MICHAEL BAENEN,

                Respondent.

ORDER

13-cv-132-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    In this petition for a writ of habeas corpus under 28 U.S.C. § 2254, petitioner Ouati K. Ali is challenging his 2006 conviction of first-degree sexual assault on many grounds. He is now on his third attempt to show that he has exhausted his state court remedies with respect to all of his claims.

    After reviewing the petition, I made a preliminary determination in an order dated April 30, 2013, dkt. #5, that petitioner had exhausted his state court remedies with respect to some of his claims and I gave him another opportunity to show that he had exhausted the remaining claims. In the event that he could not make that showing, I told him to decide whether he wished to delete his unexhausted claims and proceed with his exhausted claims or return to state court to complete the exhaustion process.

    In response, petitioner neither developed an argument about exhaustion nor conceded that he had failed to exhaust any claims. Instead, he filed various records from his state

1

court proceedings, presumably because he believed that the documents demonstrated that he exhausted all of his claims. After I reviewed those documents, I concluded in an order dated July 8, 2013, dkt. #8, that petitioner had adequately alleged exhaustion with respect to the following claims:

    1. Trial counsel was ineffective in not moving for the trial judge's recusal on the ground that the judge's wife was involved in the preparation of the victim's videotaped testimony.

    2. Appellate counsel was ineffective in not challenging the sufficiency of the evidence or trial counsel's failure to seek the recusal of the judge.

    3. Petitioner was wrongfully denied an opportunity to conduct independent DNA testing.

    4. The trial court erred in allowing the state to introduce evidence of a prior charge of sexual assault of which petitioner had been acquitted in 1991 and other acts of sexual assault that were never charged against him.

    5. The trial court denied petitioner a continuance of the trial date although his counsel had only 21 days in which to prepare for trial.

However, I concluded that petitioner had not exhausted eight other claims that he had included in his petition:

    1. Trial counsel was ineffective because he did not contest the state's motion in limine preventing petitioner from introducing evidence of an alibi;

    2. Trial counsel was ineffective because he was unable to suppress evidence obtained

2

from petitioner's cell phone;

      3. Trial counsel was ineffective because he did not investigate "other acts witnesses";

      4. Appellate counsel was ineffective for failing to conduct a "pretrial" investigation;

      5. Appellate counsel was ineffective because he did not investigate the DNA evidence;

      6. The evidence was not sufficient to support a conviction;

      7. Trial counsel was ineffective for failing to argue that the evidence was insufficient; and

      8. Any claim regarding appellate counsel's ineffectiveness for failing to challenge trial counsel's ineffectiveness other than petitioner's claim that appellate counsel was ineffective in not challenging trial counsel's failure to seek the recusal of the judge.

      I directed petitioner to inform the court whether he wished to pursue his unexhausted claims in state court or whether he preferred to amend his petition to delete the unexhausted claims and proceed solely on the exhausted claims. In addition, if petitioner chose not to delete his unexhausted claims and instead to make an effort to exhaust them in state court, it would be necessary to decide whether his entire petition should be dismissed without prejudice or whether petitioner qualified for a "stay and abeyance" of his petition. It would be up to petitioner to show that he qualified for a stay.

      In response, petitioner submitted even more documents from the state court proceedings in an attempt to show that he exhausted his state court remedies. In particular, he submitted an undated document that he filed with the Circuit Court of Dane County titled "Motion to Supplement Motion for Post-Conviction Relief Pursuant to Wis. Stat. §

974.06" and a reply brief that he filed with the Wisconsin Court of Appeals. Regardless which issues petitioner included in these documents, they do not address the problem that I noted in the July 8 order, which is that petitioner had not shown that he raised any of the eight issues with the Wisconsin Court of Appeals. Although petitioner's reply brief was filed with that court, any claim he raised for the first time in a reply brief would be forfeited.

Petitioner says that, in the event that the court adheres to its conclusion regarding exhaustion, he wishes to proceed with the exhausted claims as identified in the July 8 order, but he wants to dismiss the unexhausted claims "without prejudice" so that he can raise them later. That was not one of the choices the court presented to petitioner. The point of requiring the petitioner to choose between proceeding with his exhausted claims and returning to state court is to avoid the inefficiency of considering challenges to the same conviction on multiple occasions. In both the April 30 and July 8 orders, I told petitioner that he could not have it both ways: "if he decides to give up his unexhausted claims and present only the ones he has already exhausted, it is unlikely that this court would allow him to raise the unexhausted claims in a subsequent federal habeas petition." Dkt. #5 at 13; dkt. #8 at 5. See also Rose v. Lundy, 455 U.S. 509, 521 (1982) ("[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions.") (citing 28 U.S.C. § 2254 Rule 9(b), authorizing dismissal for abuse of the writ).

Accordingly, I will give petitioner one more chance to decide whether he wishes to (1) pursue his unexhausted claims in state court; *or* (2) amend his petition to delete the

unexhausted claims and proceed solely on the exhausted claims.  If petitioner chooses the first option, he must show that he qualifies for a stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005), or I will dismiss the entire petition without prejudice to his refiling it after he is finished with the exhaustion process.  If petitioner chooses the second option, he must be prepared to proceed on only his exhausted claims without any guarantee that he will be able to pursue the unexhausted claims later.

ORDER

IT IS ORDERED that petitioner Ouati Ali may have until September 20, 2013, to tell the court whether he wishes to pursue his unexhausted claims in state court or amend his petition to delete the unexhausted claims and proceed solely on the exhausted claims. If he fails to respond or otherwise does not comply with the instructions in this order, I will dismiss the entire petition without prejudice for his failure to exhaust his state court remedies, pursuant to Rose v. Lundy.

Entered this 5th day of September, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge